UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY AUSTIN,

    Plaintiff,

v.

    Hon. Sally J. Berens

COMMISSIONER OF SOCIAL SECURITY,

    Case No. 1:20-cv-643

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker may properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed applications for DIB and SSI on January 4 and 5, 2018, respectively, alleging that she became disabled on January 1, 2017. (PageID.118–19, 136–37, 279–88.) Plaintiff alleged disability due to anxiety, carpal tunnel syndrome, degenerative disc disease, depression, vertigo,

shortness of breath, fibromyalgia, irritable bowel syndrome (IBS), and sciatica. (PageID.137, 301.) Plaintiff was 49 years old at her alleged onset date and 50 years old when she filed her applications. (PageID.136.) Plaintiff graduated from high school and had past relevant work as an inspector, a production assembler, and a hand packager. (PageID.64, 303.) After Plaintiff's applications were denied, she requested a hearing before an Administrative Law Judge (ALJ).

On June 5, 2019, ALJ William G. Reamon held a hearing and received testimony from Plaintiff and Sandra Smith-Cordingly, an impartial vocational expert. (PageID.73–116.) On August 14, 2019, ALJ Reamon issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from her alleged onset date through the date of the decision. (PageID.55–66.) The Appeals Council denied Plaintiff's request for review on May 12, 2020. (PageID.44–46.) Therefore, ALJ Reamon's August 14, 2019 ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007).

Plaintiff initiated this civil action for judicial review on July 15, 2020.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the Act's insured status requirements through March 31, 2022, and had not engaged in substantial gainful activity since her alleged onset date of January 1, 2017, the ALJ found that Plaintiff suffered from severe impairments of degenerative disc disease of the lumbar, thoracic, and cervical spine; left lower extremity sciatica; migraines; anxiety disorder; and depressive disorder. (PageID.58.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.58–59.) In particular, the ALJ considered listings 1.02 and 1.04 with regard to Plaintiff's physical impairments and listings 12.04 and 12.06 with regard to her mental impairments. As for the listings pertaining to the mental impairments, the ALJ found that Plaintiff was mildly limited in the areas of understanding, remembering, or applying information and adapting and managing oneself, and moderately limited in the areas of interacting with others and concentrating, persisting, or maintaining pace. (PageID.59.)

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except:

> the claimant can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can have no exposure to dangerous moving machinery or unprotected heights. The claimant is limited to unskilled work, no higher than SVP 2. She can tolerate occasional general public and co-employee interaction. She is anticipated to be off task no more than 5-10% of the workday due to her symptoms.

(PageID.60.)

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as actually or generally performed. (PageID.64.) At step five, however, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of bench assembler, mail clerk, and electronics worker, approximately 285,000 of which existed in the national economy. (PageID.65–66.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## **DISCUSSION**

Plaintiff raises two issues in her appeal: (1) the ALJ's physical RFC determination is unsupported by substantial evidence because the medical opinion upon which he relied was stale,

and he failed to obtain an updated medical opinion to address more recent evidence; and (2) the ALJ's mental RFC determination is not supported by substantial evidence as he failed to obtain an updated opinion despite evidence that Plaintiff's conditions had worsened to require more specialized treatment. (ECF No. 17 at PageID.757.) The Court will address both arguments together as they present essentially a single issue.

In determining Plaintiff's RFC, the ALJ evaluated the opinions of the State agency reviewers, Ashok Sachdev, M.D., and Robert Gerl, Ph.D., as follows:

> The undersigned finds the prior administrative findings of Ashok Sachdev, M.D., to be persuasive, and credits that the findings are supported with a summary of the claimant's medical records, such as radiographic images showing only mild osteoarthritis of the lumbar spine (Exs. 1A/14; 2A/14). Moreover, the findings are consistent with the overall weight of evidence. While, [sic] the claimant was at times observed to show deficits such as a mildly antalgic gait, spine tenderness, and a mildly positive straight leg raise test, she consistently showed retention of full strength, normal muscle tone, and no focal motor deficits, consistent with an ability to perform light work, with additional postural maneuver limitations (See, e.g., Exs. 2F/6; 4F/3; 8F/10; 9F/41, 71; 10F/23; 12F/39).
>
> . . . .
>
> Regarding the claimant's psychological impairments, the undersigned finds the prior administrative findings of Robert Gerl, Ph.D., to be persuasive, and credits his summary of the claimant's treatment records (Ex. 1A/16; 2A/16). Moreover, his finding that the claimant retained the ability to perform simple, routine work tasks is supported by the claimant's general lack of consistent mental health treatment, allegation that she stopped working only due to physical conditions, and with the largely benign mental status examinations throughout the period at issue (See, e.g., Exs. 4F/3; 5F/2; 6F/5; 8F/13; 9F/71; 10F/12; 12F/39).

(PageID.63.)

Dr. Sachdev's June 10, 2018 opinion and Dr. Gerl's May 2, 2018 opinion were both rendered about 18 months after Plaintiff's alleged onset date and about a year before the hearing. (PageID.151, 153.) Plaintiff contends the ALJ's RFC finding is not supported by substantial evidence because both opinions were stale and failed to consider medical evidence that was obtained after they were issued. In particular, she notes that while Dr. Sachdev reviewed a May

2018 x-ray of Plaintiff's lumbar spine showing only "mild osteoarthritis" (PageID.143), he did not review MRIs of her lumbar and cervical spine taken in September 2018. (PageID.596–97, 600–01.) Plaintiff contends that, because the ALJ was not qualified to translate this subsequent raw medical evidence into an RFC that accurately reflected her functional limitations, the ALJ should have obtained an updated medical opinion. Similarly, Plaintiff contends that Dr. Gerl's opinion did not consider evidence that her mental impairments had worsened after he had opined on her mental limitations and that Plaintiff began treating with a mental health provider in April 2019. Although the ALJ had previously obtained consultative examinations for Plaintiff's physical and mental impairments, which largely supported the ALJ's RFC determination, Plaintiff contends that the ALJ should have sent Plaintiff for new consultative examinations. (ECF No. 17 at PageID.770–71.) Plaintiff's argument lacks merit.

The Sixth Circuit cases Plaintiff cites, *Miller v. Commissioner of Social Security*, 811 F.3d 825 (6th Cir. 2016), and *Blakely v. Commissioner of Social Security*, 811 F.3d 825 (6th Cir. 2016), do not preclude an ALJ from relying on the opinion of a State agency consultant who did not review medical records generated after the physician rendered the opinion. Rather, these cases recognize that an ALJ may properly rely on the opinion of a State agency physician so long as the ALJ indicates in his decision that he considered the later evidence. *Miller*, 811 F.3d at 834 (noting that "[w]here the non-examining source did not review a complete case record, 'we require some indication that the ALJ at least considered these facts before giving greater weight to an opinion' from the non-examining source" (*quoting Blakely*, 581 F.3d at 409)). For example, in *McGrew v. Commissioner of Social Security*, 343 F. App'x 26 (6th Cir. 2009), the court rejected the plaintiff's argument that "the ALJ improperly relied on the state agency physicians' opinions because they were out of date and did not account for changes in her medical condition." *Id.* at 32. The court

7

found no error because the ALJ's decision clearly indicated that he considered the medical examinations that occurred after the State agency physicians rendered their opinions. *Id.*; *see also Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (finding no error in failing to obtain updated medical opinion because "[t]here will always be a gap between the time the agency experts review the record and give their opinion . . . and the time the hearing decision is issued," and noting that the ALJ specifically considered the new evidence); *Schwarz v. Saul*, No. 5:19-CV-102, 2020 WL 2475582, at *2 (W.D. Ky May 13, 2020) (rejecting the plaintiff's contention that "stale" State agency reviewing physician's opinion required the ALJ to obtain an updated medical opinion because the ALJ did not actually find the opinions to be "stale" and the ALJ's decision reflected the ALJ's consideration of the later-submitted records). In this case, Plaintiff does not argue that the ALJ failed to consider the later submitted evidence in his findings. In fact, his decision clearly indicates that he considered the evidence received after the State agency consultants rendered their opinions, including the September 2018 MRIs, subsequent medical treatment records, and the 2019 mental health therapy records. (PageID.58, 61, 62, 666, 711, 722, 725.)

Plaintiff's argument that the ALJ interpreted raw medical evidence also lacks merit. The Sixth Circuit has held that an ALJ does not impermissibly interpret raw medical data by using a radiologist's findings to formulate a claimant's RFC. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726–27 (6th Cir. 2012) (concluding that the ALJ was not required to obtain a medical expert to interpret x-rays because they "had already been read and interpreted by a radiologist"); *Holland v. Comm'r of Soc. Sec.*, No. 4:13-cv-10295, No. 4:13-cv-10295, at *7 (E.D. Mich. 2014) ("[T]he ALJ did not improperly analyze the raw medical data of those test results, e.g., the MRI images; rather, he based his decision on the conclusions found in the test-result summaries

prepared by physicians, Drs. Sehgal and Sul."). Because the MRIs had already been read and interpreted by a radiologist, the ALJ did not act outside of his expertise in considering those reports in formulating Plaintiff's RFC. *See Giacomelli v. Berryhill*, No. 1:18CV1936, 2019 WL 2492298, at *9 (N.D. Ohio June 14, 2019) (observing that while the state agency physicians did not review an MRI, a radiologist had read and interpreted it and, thus, the ALJ did not err in relying on the "mild" and "moderate" findings in formulating the claimant's RFC). Moreover, it is the ALJ, not a physician, who is charged with the responsibility of determining a claimant's RFC based on the evidence as a whole. 20 C.F.R. §§ 404.1545(a)(1), (3), 416.945(a)(1), (3); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (noting that "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding"). "Although the RFC must be supported by evidence of record, it need not correspond to, or even be based on any specific medical opinion." *Simon v. Comm'r of Soc. Sec.*, No. 2:16-CV-259, 2017 WL 1017733, at *6 (S.D. Ohio Mar. 16, 2017), *report and recommendation adopted*, 2017 WL 3172717 (S.D. Ohio July 25, 2017) (citing *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015)). As noted more recently in *Tucker v. Commissioner of Social Security*, 775 F. App'x 220 (6th Cir. 2019), the Sixth Circuit has "[n]o bright-line rule . . . directing that medical opinions must be the building blocks of the residual functional capacity finding;" rather, "the administrative law judge must make a connection between the evidence relied on and the conclusion reached." *Id.* at 226. Here, the ALJ properly considered the MRIs and other medical and non-medical evidence in the record in formulating Plaintiff's RFC. And, contrary to Plaintiff's argument, there is no indication that the ALJ selectively considered the evidence Similarly, the ALJ properly considered the therapy notes from 2019 showing that Plaintiff generally exhibited normal attention, concentration, memory, and

9

mood, but limited her to simple, unskilled work with limited social interaction based on her consistent complaints of anxiety and depression symptoms. (PageID.62, 722, 725.)

Finally, the ALJ was not obligated to order new consultative examinations. As noted above, the State agency previously obtained consultative examinations pertaining to Plaintiff's physical and mental impairments. The regulations provide that an ALJ may order a consultative examination if the necessary information cannot be obtained from the claimant's medical source or "when the evidence as a whole is insufficient" to allow the ALJ to decide the claim. 20 C.F.R. §§ 404.1519a(b) 416.919a(b). Whether additional evidence is necessary to decide a claim for disability benefits is a matter committed to the ALJ's discretion. *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). There is no indication in this case that the medical record was insufficient for the ALJ to decide Plaintiff's claim. Plaintiff thus fails to show that the ALJ abused his discretion in not seeking additional evidence. *See Van Pelt v. Comm'r of Soc. Sec.*, No. 1:19 CV 2844, 2020 WL 7769729, at *12 (N.D. Ohio Dec. 30, 2020) ("If it can be supported for an ALJ to reject all medical opinion evidence of record and formulate an RFC based on the record as a whole, then it certainly can also be supported for an ALJ to rely (in part) on outdated medical opinions without obtaining updated opinion evidence, so long as the ALJ's ultimate decision is supported by substantial evidence.") (citing *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401–02 (6th Cir. 2020), and *McGrew*, 343 F. App'x at 32).

In sum, the ALJ's decision was supported by substantial evidence and accords with applicable law.

## **CONCLUSION**

For the reasons stated above, the Commissioner's decision is **affirmed**. An order consistent with this opinion will enter.

Dated: March 8, 2022                                /s/ Sally J. Berens
                                                                    SALLY J. BERENS
                                                                    U.S. Magistrate Judge